**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DENNIS MEYER,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**THE BUTCHER COMPANY, INC., a** )<br>**corporation, INDUSTRIAL SOAP** )<br>**COMPANY, a corporation, MACK** )<br>**MOLDING COMPANY, INC., a** )<br>**corporation, and DIVERSEY, INC., a** )<br>**corporation** )<br>)<br>**Defendants.** ) | **CIVIL NO. 12-858-GPM** |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

Plaintiff, Dennis Meyer, filed his complaint on July 30, 2012, for personal injuries incurred by Plaintiff at Memorial Hospital in Belleville, Illinois. Yet, in reviewing Plaintiff's sixty-one page complaint, there is not a *single paragraph* dedicated to establishing this Court's federal subject matter jurisdiction. Accordingly, this case is **DISMISSED** for want of federal subject matter jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("[I]t is not the court's obligation to lead [parties] through a jurisdictional paint-by-numbers scheme.").

The Clerk of the Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: August 15, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge