IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS MEYER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| THE BUTCHER COMPANY, INC., a corporation, INDUSTRIAL SOAP COMPANY, a corporation, MACK MOLDING COMPANY, INC., a corporation, and DIVERSEY, INC., a corporation | ) CIVIL NO. 12-858-GPM ) ) ) ) ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff Dennis Meyer's motion to reconsider (Doc. 6). On July 30, 2012, Plaintiff, filed an original action in the United States District Court for the Southern District of Illinois for personal injuries Plaintiff incurred at Memorial Hospital in Belleville, Illinois (Doc. 2). A district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction." *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). Indeed, "[j]urisdiction is the 'power to declare law,' and without it the federal courts cannot proceed." *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)).

The Court carefully reviewed Plaintiff's sixty-one page complaint and failed to find a *single paragraph* dedicated to establishing this Court's federal subject matter jurisdiction. Accordingly, on August 17, 2012, the Court dismissed the case for want of federal subject matter jurisdiction

(Doc. 5). Plaintiff now asks the Court, pursuant to Federal Rule of Procedure 59(e), to reconsider its prior Order dismissing this case and allow Plaintiff to file an amended complaint (Doc. 6).

Plaintiff's motion to reconsider contains a lengthy explanation of how this case arrived here in the United States District Court for the Southern District of Illinois. However, this lengthy explanation has nothing to do with the problem here, which is that Plaintiff's complaint (Doc. 1) did not contain even a hint of *how* this Court had jurisdiction over Plaintiff's case. Plaintiff's motion (Doc. 6) then posits two arguments for why the Court should reconsider its prior Order dismissing this case.

First, Plaintiff contends that since he checked the diversity jurisdiction box on the civil cover sheet, the check mark should have alerted the Court that Plaintiff filed this original action in contemplation of diversity jurisdiction (Doc. 6). The complaint, however, is the operative document which initiates a lawsuit. Simply checking a box on a civil cover sheet does nothing to *establish* federal subject matter jurisdiction. The Court notes that Plaintiff's motion to reconsider (Doc. 6) contains several facts Plaintiff *should* have alleged in the complaint. These allegations include several Defendants principal place of business and state of incorporation. Yet the facts, as articulated in Plaintiff's motion to reconsider, would still fall short of establishing federal subject matter jurisdiction. Plaintiff fails to allege the state of incorporation for Defendant Genesis Products, Inc., and for Defendant Mack Molding Company, Inc. (*See* Doc. 6, p. 2-3). As Plaintiff surely knows by now, under 28 U.S.C. § 1332, both "[t]he state of incorporation and the principal place of business must be alleged in the complaint." *McMillan v. Sheraton Chicago Hotel & Towers,* 567 F.3d 839, 845 n.10 (7th Cir. 2009); *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where

it has its principal place of business").

Second, Plaintiff claims the statute of limitations on his claim expired on August 4, 2012 (Doc. 6).  Therefore, a dismissal of this case would cause Plaintiff manifest injustice (*See* Doc. 6). The solution here is the saving statute cited by Plaintiff in his papers. In any "act . . . where the time for commencing an action is limited, if . . . the action is dismissed by a United States District Court for lack of jurisdiction . . . then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater, after . . . the action is dismissed by a United States District Court for lack of jurisdiction . . . ." 735 ILCS 5/13-217 (2012).  The dismissal of this case will not cause Plaintiff a manifest injustice.

Accordingly, Plaintiff's motion to reconsider pursuant to Federal Rule of Procedure 59 (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: September 6, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge